IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCOS ROSALES, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-20-0804-HE |
| ) | |
| LUKE PETTIGREW, ) | |
| ) | |
| Respondent. ) | |

### ORDER

Petitioner Marcos Rosales, a state prisoner represented by counsel, seeks relief pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to U. S. Magistrate Judge Suzanne Mitchell for initial proceedings. Judge Mitchell has issued a Report and Recommendation recommending that the petition be dismissed as time barred. Petitioner has objected to the Report, which triggers *de novo* review of the issues to which objection was made.

After a jury trial in the District Court of Oklahoma County, State of Oklahoma, petitioner was convicted of murder in the first-degree, shooting with intent to kill, and use of a vehicle to facilitate the intentional discharge of a firearm. He was sentenced to life in prison on the first two counts, with those sentences to run consecutively, and 20 years on the third count, to run concurrently with the others.

Petitioner contends his two consecutive life sentences amount to a mandatory life sentence for crimes he committed as a juvenile. He contends that such a sentence is unconstitutional based on Miller v. Alabama, 567 U.S. 460 (2012). On March 21, 2018, petitioner sought post-conviction in state court based on this argument. Relief was denied

and the Oklahoma Court of Criminal Appeals affirmed that denial on July 10, 2020. On August 11, 2020, petitioner filed the present motion in this court.

A petitioner must ordinarily seek habeas relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitation period may also run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2244(d)(1)(C).

<u>Miller</u>, the case upon which petitioner principally relies, announced a new substantive constitutional rule. <u>Miller</u> was decided on June 25, 2012. One year from the date <u>Miller</u> was decided would be June 25, 2013.

In <u>Montgomery v. Louisiana</u>, 136 S.Ct. 718 (2016), the Court held that <u>Miller</u> should apply retroactively on collateral review. <u>Montgomery</u> was decided on January 25, 2016, and a year from that date would have been January 25, 2017. As Judge Mitchell correctly concluded, however, it is one year from the date of <u>Miller</u> which states the applicable deadline, because that is the case which first recognized the proposition upon which petitioner is relying. <u>Dodd v. United States</u>, 545 U.S. 353, 357 (2005).

The result is that petitioner's habeas petition, filed August 11, 2020, was over seven years past the applicable filing deadline. Further, even if, contrary to <u>Dodd</u>, the one-year period was deemed to run from the date the rule was made retroactive, i.e. <u>Montgomery</u>, it would still be untimely by approximately three and a half years. So, using either approach, the petition is untimely.

Judge Mitchell also concluded statutory tolling, based on the period during which plaintiff was seeking relief in state court, is not applicable here as the state petition for post-conviction relief was filed more than a year after the applicable deadline. That conclusion was correct, and petitioner's objection does not argue to the contrary. *See* Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).[1]

The only remaining question is whether petitioner has shown a basis for equitable tolling. A habeas petitioner is entitled to equitable tolling of a deadline only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Here, petitioner has not even attempted that showing. He has not pointed to anything suggesting that he was actively pursuing his rights during the period between the Miller decision and his state filing, nor has he suggested anything that prevented him from making a timely filing.

Instead, petitioner would have the court apply a different standard. He argues he is entitled to equitable tolling of the limitations period because "rare and exceptional circumstances" exist due to the "extreme malfunction" of the state criminal system. And the basis for that, he says, is that the OCCA improperly rejected his claim for post-conviction relief, relying on its decision in Martinez v. State, 442 P.3d 154 (Okla. Crim. App. 2019). In so arguing, petitioner basically attempts to turn the standard for substantive

---

[1] *Even if petitioner was entitled to credit for the approximately 28 months during which his state petition was pending, it would still not render his federal filing timely.*

3

review of the state court ruling into a basis for equitable tolling.  In effect, he is suggesting that a federal habeas court should first analyze the merits of a petition and then, if it agrees with the habeas petitioner on the merits, apply equitable tolling to solve any timeliness problem.  That approach plainly puts the cart before the horse and would be tantamount to repeal of the limitations period.  It is inconsistent with the statutory scheme for habeas review.  *See* Williams v. Dowling, 2020 WL 3865078 (N.D. Okla. July 8, 2020) (reaching the same conclusion in largely the same circumstances).

Accordingly, the Report and Recommendation [Doc. # 11] is **ADOPTED**.  The petition is **DISMISSED** and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of January, 2021.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE